UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:23-cr-183-TPB-NHA

JACOB PAUL ARJONA,

    Defendant.
_____/

### ORDER DENYING "DEFENDANT JACOB PAUL ARJONA'S MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE"

This matter is before the Court on "Defendant Jacob Paul Arjona's Motion to Dismiss the Indictment with Prejudice," filed by counsel on July 7, 2025. (Doc. 134). On July 29, 2025, the United States of America filed a response in opposition to the motion. (Doc. 137). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background

On May 3, 2023, a criminal complaint was filed against Hernan Cruz-Moreno and Agustin Ortiz-Sanchez.[1] According to the complaint, in a post-*Miranda* statement, Cruz-Moreno claimed that an individual named "Jacob" asked him to transport two suitcases from Los Angeles to Tampa in exchange for $2,000. Investigators eventually identified "Jacob" as Defendant Jacob Paul Arjona.

---

[1] On May 31, 2023, Cruz-Moreno and Ortiz-Sanchez were charged in a two-count indictment with conspiracy to possess more than 500 grams of methamphetamine (Count I) and possession with intent to distribute over 500 grams of methamphetamine (Count II). Both defendants were arraigned on May 4, 2023. Cruz-Moreno pleaded guilty and was sentenced to 87 months imprisonment on April 26, 2024. After pleading guilty, Ortiz-Sanchez failed to appear for his sentencing and remains a fugitive today.

During investigations into Defendant's involvement in the May 3, 2023, methamphetamine transport to Tampa, and into Defendant's drug trafficking in other jurisdictions, Department of Homeland Security agents helped connect Defendant to fentanyl trafficking and related crimes that were eventually charged in *United States v. Espino*, No. 8:23-cr-406-MSS-TGW.  While Defendant was on pre-trial release in the *Espino* case, the United States informed Defendant through his attorney that he was the subject of investigation in the instant case, and that the United States intended to charge him in this case.  Defendant eventually pleaded guilty in the *Espino* case in December 2024.  The *Espino* case remains pending, and sentencing has been rescheduled for August 25, 2025.

A grand jury in the Middle District of Florida charged Defendant in this case on February 25, 2025.  Defendant was arrested on the same day in the Central District of California, and he was made his initial appearance there on February 26, 2025.  Defendant was subsequently transferred to this jurisdiction, and he was arraigned on March 26, 2025.  Defendant has sought several continuances since his arraignment.  He has now moved to dismiss the indictment with prejudice based on pre-indictment delay.

## Analysis

The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy and public trial.  U.S. Const. amend. VI.  When that right is violated, a trial court must dismiss the indictment.  *United States v. Villarreal*, 613 F.3d 1344, 1349 (11th Cir. 2010).

Defendant primarily argues for dismissal of the indictment based on a pre-indictment delay of constitutional significance, although he improperly uses the legal standard that applies to post-indictment delays. To prove a due process violation resulting from pre-indictment delay, a defendant must show: "(1) actual prejudice to [his] defense from the delay; and (2) that the delay resulted from a deliberate design by the government to gain a tactical advantage." *United States v. Thomas*, 62 F.3d 1332, 1339 (11th Cir. 1995). Here, Defendant has failed to show any due process violation.

First, as to prejudice, Defendant appears to primarily take issue with the fact that he was charged in this case one week before his scheduled sentencing in the *Espino* case. But Defendant was aware that he was a subject of the investigation that led to these charges no later than August 2024, which was seven months after he was charged in the *Espino* case and several months before he pleaded guilty in that case.[2] Significantly, Defendant has failed to show that any defense he may have suffered as a result of any delay in adding him to the indictment in this case, and years remain on the statute of limitations. Second, Defendant has failed to allege or demonstrate that any pre-indictment delay was the result of a deliberate design by the Government to

---

[2] The Court notes that even if a defendant "has been prejudiced by pre-accusation delay, if it is investigative delay the defendant has not been deprived of due process." *Thomas*, 62 F.3d at 1339. After all, "[a] prosecutor has no obligation to bring charges as soon as [he] has enough evidence to indict; instead, [he] may wait until [he] is satisfied that [he] has enough evidence to establish guilt beyond a reasonable doubt." *Id*. Thus, to the extent Defendant complains about the delay from law enforcement first learning of the involvement of "Jacob" on May 3, 2023, until the indictment, Defendant has not met his burden of proving a due process violation. *See id*.

gain a tactical advantage. Consequently, Defendant's motion to dismiss the indictment with prejudice is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Jacob Paul Arjona's Motion to Dismiss the Indictment with Prejudice" (Doc. 134) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of August, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE